LFOGG, J.
The instant appeal involves an effort by John C. Walsh, plaintiff-appellee, to contest defendant-appellant, Wayne R. Rogil-lio’s, qualifications to compete in the October 7, 2000, primary election for the Office of City Constable for the City of Baton Rouge.
On August 16, 2000, Wayne Rogillio filed a Notice of Candidacy, formally establishing himself as a candidate for the Office of City Constable for the City of Baton Rouge. Subsequently, John Walsh, a qualified elector in the City of Baton Rouge, filed suit questioning the residency qualifications of Mr. Rogillio, contending Mr. Rogillio’s declaration of a homestead exemption on property located at 7030 Deer Run, Denham Springs, Louisiana, in Livingston Parish, renders him ineligible to run for the position of City Constable of Baton Rouge pursuant to LSA-R.S. 18:491 and 18:1401(A).
Following an evidentiary hearing, the trial court rendered judgment, disqualifying Mr. Rogillio as a candidate. In reaching this decision, the trial court determined that LSA-R.S. 18:101(B) requires persons claiming a homestead exemption to register and vote in the precinct in which that residence is located. Mr. Ro-gillio appeals that judgment.
The Election Code provides for the time at which a candidate must meet the qualification requirements for the office he seeks. Butler v. Cantrell, 630 So.2d 852, 855 (La.App. 4 Cir.1993), writ denied, 94-0003 (La.1/5/94), 631 So.2d 431. Louisiana Revised Statute 18:451 states in pertinent part, “Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office.” Thus, the candidate’s qualification to offer himself for election is determined when he files with the Clerk of Court as a candidate for public office. Butler v. Cantrell, 630 So.2d at 856; Foley v. Dowling, 445 So.2d 785 (La.App. 2 Cir.984).3 Four Louisiana Courts of Appeal have determined that maintaining a residence for political purposes does not prevent the residence from being actual and bona fide. Bailey v. Bolton, 98-2026 (La.App. 1st Cir.9/10/98), 755 So.2d 254; Herpin v. Boudreaux, 98-306 (La.App. 3rd Cir. 3/5/98), 709 So.2d 269, 271, unit denied, 98-0578 (La.3/11/98), 712 So.2d 859; Williamson v. Village of Baskin, 339 So.2d 474, 476 (La.App. 2nd Cir.1976), unit denied, 341 So.2d 1126 (La.1977); Brown v. Democratic Committee, Court of Appeal, Fourth Circuit, Third Dist., 238 So.2d 48 (La.App. 4th Cir.1970), writ denied, 256 La. 761, 238 So.2d 531 (La.1970).
The requirements for election as marshal or constable of a city court are set forth in LSA-R.S. 13:1879 and 1880. Louisiana Revised Statute 13:1879 provides that the city constable of the city of Baton Rouge shall be elected in accordance with and pursuant to the applicable provisions of the city charter and plan of government. Our review of the city charter, however, shows no specific qualifications for that office, other than he be elected by a plurality of votes cast at the municipal election.
*655 Thus we must look to LSA-R.S. 13:1880, which sets forth the qualifications of a city constable:[1] he must be “a resident elector of the territorial jurisdiction of the court and ... possess a high school diploma or its equivalent .... ”
 Thus, in order to run for City Constable, Mr. Rogillio must have been a resident elector for the City of Baton Rouge on the day he qualified, August 16, 2000. Residency is not to be confused with the stricter concept of domicile. Brown v. Democratic Committee, 238 So.2d 48. There is no minimal duration period required for the establishment of such a residence. The intent to establish a residence, coupled with physical actions | ¿denoting the acquisition of a residence, is sufficient. Butler v. Cantrell, 630 So.2d at 856; Soileau v. Board of Supervisors, 361 So.2d 319, 322 (La.App. 3 Cir.1978). LSA-R.S. 18:101(B) defines “resident” as follows:
a citizen who resides in this state and in the parish, municipality, if any, and precinct in which he offers to register and vote, with an intention to reside there indefinitely. If a citizen resides at more than one place in the state with an intention to reside there indefinitely, he may register and vote only at one of the places at which he resides. However, if a person claims a homestead exemption, pursuant to Article VII, Section 20 of the Constitution of Louisiana, on one of the residences, he shall register and vote in the precinct in which that residence is located.
The record reflects that, in September 1998, Mr. Rogillio and his former wife, Elizabeth Noalie, purchased a residence at 7030 Deer Run in Livingston Parish. During the same year, Mr. Rogillio claimed a homestead exemption on that property. The parties stipulated that the exemption continues in effect.
On February 19, 1999, Mr. Rogillio, then a registered voter in Livingston Parish, left the marital domicile, with an intent to never return. On March 19,1999, he instituted divorce proceedings. By judgment dated October 21, 1999, Ms. Noalie was awarded exclusive use and occupancy of the home. Subsequently, on November 30, 1999, the community of the parties was terminated by judgment of divorce. Since his initial departure, Mr. Rogillio claims to have returned to the Livingston Parish property on only one occasion, to return a video game.
Regarding his post-marriage residency, Mr. Rogillio testified that he resided with his son, Jeff Rogillio, in Prairieville, Louisiana from February 1999 to September 1999. In September 1999, he moved into a friend’s residence in East Baton Rouge Parish, but outside the City of Baton Rouge, where he remained until July 28, 2000. On July 29, 2000, he moved to the home of another friend; that residence was located in the City of Baton Rouge. On August 2, 2000, he registered to vote in East Baton Rouge Parish.
|sOn August 7, 2000, Mr. Rogillio entered a six month lease agreement on an apartment located at 10530 Florida Boulevard in the City of Baton Rouge. On August 10, 2000, Mr. Rogillio changed his voter’s registration address from his friend’s address to the newly acquired Florida Boulevard address. He testified that, by August 12, 2000, he had moved into the apartment. However, his motorcycles and dogs remained at a friend’s home.
On appeal, Mr. Rogillio asserts the trial court erred in determining he was precluded from meeting the residency requirement because he has a homestead exemption in Livingston Parish. We agree.
LSA-R.S. 18:101(B) requires a person who has more than one residence, indud- *656 ing .one on which he claims a homestead exemption, to register to vote in the place where he claims the exemption. In this case, it is undisputed that Mr. Rogillio did not maintain a residence in Livingston Parish after he left the matrimonial domicile in February of 1999. Therefore, he is not required to register to vote in that parish.
The plaintiff in an election matter has the burden of proof by a preponderance of the evidence. Autin v. Terrebonne, 612 So.2d 107 (La.App. 1st Cir.), writ denied, 604 So.2d 954 (La.1992). The person objecting to the candidacy bears the burden of proving the candidate is disqualified. LSA-R.S. 18:492; Butler v. Cantrell, 630 So.2d at 855. Election laws should be liberally construed so as to promote rather than defeat candidacy. Bailey v. Bolton, 98-2026 (La.App. 1 Cir. 9/10/98), 755 So.2d 254; Pattan v. Fields, 95-1936 (La.App. 1 Cir. 9/26/95), 669 So.2d 1233, writs denied, 95-2381, 95-2382 (La.9/29/95), 661 So.2d 1341, 1342. This means that doubts as to the qualification of a candidate should be resolved in favor of permitting the candidate to run for public office. Arnold v. Hughes, 621 So.2d 1139 (La.App. 1 Cir.1993). Therefore, we find that the preponderance Rof the evidence shows that Mr. Rogillio did maintain a residence at 10530 Florida Boulevard in the City of Baton Rouge as of August 16, 2000.
Furthermore, we note that LSA-R.S. 18:191 provides that the voter registration of any person shall remain in effect as long as the registration is not canceled for a cause and in the manner set forth by statute. LSA-R.S. 18:193(G) sets forth the procedure to be followed if the registrar has reason to believe a person’s name has been illegally or fraudulently placed upon the registration records. Mr. Rogil-lio’s voter registration was never properly challenged pursuant to statute, and he was thus a qualified elector (voter) on August 16, 2000, the date he qualified as a candidate for the office of City Constable.
For the foregoing reasons, the judgment of the trial court is reversed. Costs of this appeal are assessed against John C. Walsh.
REVERSED.
FITZSIMMONS, J. dissents and assigns reasons.

. The statute is worded in terms of qualifications of a marshal, but LSA-R.S. 13:1879(D) provides that the provisions relating to marshals of city courts shall apply to constables of city courts.