pettigrew; j.
| sIn these consolidated suits objecting to candidacy for the office of Coroner, East Feliciana Parish, the district court rendered judgment upholding Frederick Michael Cramer, M.D. as a candidate and disqualifying Laura DeJohn and, Joe Howell [1] as candidates. For the following reasons, we affirm the district court’s judgment.
FACTS AND PROCEDURAL HISTORY
DeJohn and Howell qualified as, candidates for the office of Coroner, East Felici-ana Parish, on September 8 and 10, 2015, respectively, by filing the required Notice of Candidacy forms with East Feliciana Parish Clerk of Court David Dart. After DeJohn and Howell qualified as .candidates, Frederick Michael Cramer, M.D., also qualified as a candidate on September 10, 2015, by filing the requisite form.
Thereafter, on September 17, 2015, Samuel C. D’Aquilla, District Attorney for the Twentieth Judicial District, East Feli-ciana Parish, filed a Rule to Show Cause, objecting to the candidacies of DeJohn and Howell on the grounds that: DeJohn and Howell are not licensed physicians; the requirement in La. R.S. 13:5704 that the coroner shall be a physician licensed to practice medicine in the state of Louisiana is waived in any parish only when no licensed physician qualifies to run for the office; and because Cramer is a licensed physician who qualified for the office of Coroner, East Feliciana Parish, DeJohn and Howell are no longer qualified for the office.
14Aso on September 17, 2015, Clint Beauchump,[2] a resident of East Feliciana Parish, filed a Rule to Show Cause in the Twentieth Judicial District Court, objecting to the candidacy of Cramer on the basis that Cramer is not a resident of East Feliciana Parish, nor does he have a full-time medical practice in East Felicia-na Parish, as required by La. R.S. 13:5704 to qualify for the office of Coroner of East Feliciana Parish. Beauchump’s action was transferred to Division A of the Twentieth Judicial District Court, and the two objection-to-candidacy suits regarding candidates for the office of Coroner, East Feliciana Parish, were consolidated by the district court.
A hearing was conducted by the district court on September 21, 2015, and by judgment signed on September 22, 2015, the district court denied Beauchump’s Rule to Show Cause, objecting to Cramer’s candidacy, and, further, granted the District Attorney’s Rule to Show Cause, thereby disqualifying DeJohn and Howell as candidates for the office of Coroner, East Felici- *191 ana Parish.[3]
From this judgment, DeJohn and Beauchump appeal. Pursuant to La. R.S. 18:1409(F) of the Election Code, we have granted expedited consideration of this appeal.
hLAW AND ANALYSIS
A person who desires to qualify as a candidate for public office is required to file a Notice of Candidacy. La. R.S. 18:461(A)(1), The notice of candidacy shall state the candidate’s name, the office he seeks, the address of his domicile, the parish, ward, and precinct where he is registered to vote, and the political party, if any, with which he is registered as being affiliated. La. R.S. 18:468(A)(l)(a). In the Notice of Candidacy, the candidate must further certify “[t]hat he meets the qualifications of the office for which he is qualifying.” La. R.S. 18:463(A)(2)(a)(ii).
“A qualified elector may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office in which the plaintiff is qualified to vote.” La. R.S. 18:1401(A); see also La. R.S. 18:491(A). Moreover, La. R.S. 18:491(B) provides as follows:
A registered voter may present evidence that a candidate has illegally qualified for elective office. The evidence may be presented to the respective parish district attorney, who shall determine whether or not the-evidence presented establishes grounds for objecting to such candidacy and if the district attorney makes such a determination he shall file an action objecting to candidacy within the time limitation provided in R.S. 18:493. . •
Grounds for objecting to a person’s candidacy include the ground that “[t]he defendant does not meet the qualifications for the office he seeks in the primary election.” .La., R.S. 18:492(A)(3).
Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to one’s candidacy bears the burden of proving the candidate is disqualified. Landiak v. Richmond, 2005-0758 (La.3/24/05), 899 So.2d 535, 541. Once the party bearing the burden of proof in an objection to candidacy case has established a prima facie case that, the candidate is disqualified, the -burden shifts to the [ (¡party opposing the disqualification to rebut the showing. See Landiak, 899 So.2d at 542, 544-548. If that party is unable to successfully rebut the evidence establishing thé prima facie case for disqualification, the objection to the candidacy is to be sustained and the candidate is to be disqualified. See State, Board of Ethics v. Darpy, 2006-1058 (La.App. 3rd *192 Cir.8/24/06), 937 So.2d 929, 932; La. R.S. 18:494(A).
The qualifications for the office of Coroner are set forth in La. R.S. 13:5704, as follows: ■
A. The coroner shall be a physician licensed by the Louisiana State Board of Medical Examiners to practice, medicine in the state of Louisiana. This requirement shall be waived in any parish in which no licensed physician qualifies to ‘run for the office.
B. The coroner shall be a resident of the parish. However, a licensed physician who is not a resident of the parish but who maintains a full-time medical practice at a principal medical office facility in the parish may qualify for and hold the office.
Pursuant to this statute, an individual who is not a physician licensed to practice medicine in Louisiana is qualified for the office of Coroner only if “no licensed physician qualifies to run for the office.” See also La. Const." art. V, § 29. Thus, in the suit objecting to DeJohn’s candidacy, because the District Attorney has challenged the candidacy of DeJohn, he bore the initial burden of establishing a prima facie case for her disqualification, which required him to present prima facie evidence of Cramer’s qualifications for candidacy as a licensed physician either residing in East Feliciana Parish or maintaining a full-time medical practice at a principal medical office facility in the parish. Prima facie evidence of'the qualifications of Cramer, who is a licensed physician, would correspondingly establish a prima facie case of the disqualification of DeJohn, who is not a physician. See La. R.S. 13:5704.
-|7The evidence of record establishes that Cramer is a physician licensed to practice medicine in Louisiana. Moreover, Cramer acknowledged at the hearing below that he does not maintain a full-time medical practice at a principal medical office facility in East Feliciana Parish. Thus, to establish a prima-facie case of Cramer’s qualifications for the office of Coroner, the District Attorney was required to present prima facie evidence that Cramer resides in East Feliciana Parish. See La. R.S. 13:5704(B).
Conversely, as thé party objecting to Cramer’s candidacy, Beauchump bore the burden in that suit of establishing a prima facie case that Cramer did not meet the requirements of the office of Coroner. Because Beauchump has challenged Cramer’s candidacy on the basis of the residency requirement, to meet his burden, Beau-chump had to present prima facie evidence that Cramer does not reside in East Feliciana Parish. See La. R.S. 13:5704(B).
Accordingly, the determinative factual issue presented in each of these consolidated matters is the residency of Cramer. Residency and domicile are not synonymous terns. While an individual may have only one domicile, he may have several residencés. La. C.C. art. 39. Maintaining a residence for political purposes does not prevent the residence from being actual or bona fide. Walsh v. Rogillio, 2000-1995 (La.App. 1st Cir.9/7/00), 768 So.2d 653, 654, writ denied, 2000-2610 (La.9/12/00), 766 So.2d 1288. Louisiana Revised Statute 13:5704(B) does not provide any minimum duration period for the establishment of residence. Thus, a candidate must have been a. resident of , the parish in which he seeks the, office of Coroner on the day of qualification. The intent to establish a residence, coupled with physical actions denoting acquisition of a residence, is sufficient. Walsh, 768 So.2d at 655. Moreover, in addressing questions of residency, “[cjourts [¿must be cognizant of the realities of modern life, in which the demands of a career and other factors often require people to spend a large amount of time at different loca *193 tions.” Becker v. Dean, 2003-2493 (La.9/18/03), 854 So.2d 864, 872 (quoting Russell v. Goldsby, 00-2595 (La.9/22/00), 780 So.2d 1048, 1052).
At the hearing below, the District Attorney presented the testimony of Cramer. Cramer testified that he rented an. apartment in Slaughter, Louisiana, which is located in East Feliciana Parish, and has been physically residing there since September 1, 2015. This testimony was supported by evidence of receipts for the deposit he paid for the apartment and his rent payments for September and October, as well as two letters that he had received at that address. Cramer further testified that he has no other residences and that when he obtáined the apartment in Slaughter, he did so with the intent to remain there. Additionally, on September 3, 2015, Cramer registered to vote in- East Feliciana Parish and obtained a Louisiana driver’s license reflecting his Slaughter address.
Beauchump and DeJohn jointly presented testimony and evidence to challenge Cramer’s residency. On cross-examination of Cramer, they established that both of Cramer’s vehicles are registered in Texas, where, prior to September 1, 2015, he had resided with his mother 'off and on since 1961. Also, Cramer, who works for the West Baton Rouge Parish Coroner’s Office as a contract provider, testified that he does not have utilities,'internet, or cable accounts in his own name for his Slaughter apartment, and he washes clothes in Houston, when he travels to visit his mother,
Beauchump, DeJohn, and- Howell also testified at the hearing regarding the frequency with which they had seen Cramer’s cars parked at the Slaughter apartment. Beauchump testified , that he has passed Cramer’s | Slaughter residence at least once a day since September 10 and that he had seen one of Cramer’s vehicles on only one occasion. DeJohn testified she had also passed Cramer’s apartment over the twenty days .prior, to the hearing, although she could not recall how many times, and she had never seen the types of vehicles driven by Cramer at the residence. Howell similarly testified that he had passed Cramer’s Slaughter residence on three occasions and that he had not seen any cars resembling those driven by Cramer.[4]
The evidence offered at the hearing below supports the -conclusion that the District Attorney established "'a prima facie case of DeJohn’s disqualification by virtue of the qualification of a physician (Cramer) meeting the requirements for the office of Coroner as set forth in La. R.S. 13:5704, including residéncy, and that DeJohn failed to rebut that evidence.
Similarly, the evidence offered by Beauchump simply did not establish a prima facie case of Cramer’s disqualification on the basis of residency. The sparse evidence presented regarding utility and other accounts, Cramer’s habits, and his remaining ties to Texas, as well as the testimony of’passing motorists, does not constitute prima facie evidence that Cramer had not established a residence in East Feliciana Parish prior to qualifying for the office of Coroner, Ac *194 cordingly, the burden did not shift to Cramer to rebut the evidence presented by Beauchump.
|1flFor these reasons, we find no manifest error in the trial court’s factual determination that Cramer had established a residence in East Feliciana Parish prior to qualifying for the office of Coroner of the parish. As such, the District Attorney’s objection to DeJohn’s candidacy was properly sustained and Beauchump’s objection to Cramer’s candidacy was properly denied.
CONCLUSION
For the above and foregoing reasons, the portion of the district court’s September 21, 2015 judgment denying Beau-chump’s Rule to Show Cause objecting to the candidacy of Frederick Michael Cram-er, M.D. is affirmed. Furthermore, the portion of the district court’s September 21, 2015 judgment granting District Attorney D’Aquilla’s Rule to Show Cause and disqualifying Laura DeJohn as a candidate for the office of Coroner, East Feliciana Parish, is affirmed. Costs of this appeal are assessed equally between Clint Beau-chump and Laura DeJohn.
AFFIRMED.

. While appellants’ brief on appeal lists Joe Howell as an additional appellant, the. motion and order of appeal do not. Thus, to the extent that Joe Howell did not appeal the district court’s judgment disqualifying him as a candidate for the office of Coroner, East Feliciana Parish, within twenty-four hours of rendition of the judgment as required by La. R.S. 18:1409(D), that portion of the district court’s judgment has become final and is not before this court on appeal.

. We note that, while, listed as ’’Clint Beau-chump” in his Rule to Show Cause, this party is listed as “Clint Beauchamp” in the transcript of the hearing below. To conform with . the rule filed by the party, we will refer to him as "Beauchump” in this opinion.

. The district court's judgment also ordered that "any and all entities in possession of any portion of the qualifying fee return that fee to Laura DeJohn and Joe Howell," In his Rule to Show Cause, the District Attorney, in addition ,to seeking disqualification of DeJohn and Howell, requested that judgment further be ■ rendered "[o]rdering- the reimbursement to Laura DeJohn and Joe Howell any fees associated with qualification for the position of Coroner, East Feliciana Parish, Louisiana...." Louisiana Secretary of State Tom Schedler intervened in this matter, noting that the provision of the Election Code, La. R.S. 18:501(B), that previously allowed candidates to receive refunds of qualifying fees under certain circumstances was repealed in 2013 and, thus, requesting that the district court deny the request to reimburse qualifying fees to DeJohn and Howell.
Nonetheless, the Secretary of State has not appealed in this matter, and no other party is challenging the portion of the-judgment ordering "any and all -entities in possession of any portion of the qualifying fee” to return those fees to DeJohn and Howell. Accordingly, that portion of the judgment is not before the court for review.

. Cramer testified that during the month of September, he drove several rental cars because one of his vehicles had been damaged in an accident. Interestingly, while-Cramer did not identify the make or model of the rental cars, Beauchump, DeJohn, and Sowell, without explaining hów they would identify a vehicle as a rental, all testified that they had ■not seen any rental vehicle or car resembling a rental vehicle outside of Cramer’s Slaughter apartment. While DeJohn did acknowledge that rental vehicles are available in a wide range of makes and models, she further stated that she had never seen any vehicles at the Slaughter apartment other than vehicles of the makes and models driven by the owners of the property.'