STEPHEN J. WINDHORST, Judge.
Appellant, SimplexGrinnell LP (“Simplex”), appeals the default judgment rendered against it and in favor of appellee, Achary Electrical Contractors, L.L.C. (“Achary”), on an open account. For the following reasons, we vacate the default judgment and remand this matter' to the trial court for further proceedings.
Facts and Procedural History
On July 1, 2014, Achary filed petition on open account against Simplex. Achary contended that it performed work for Simplex on several projects on open account and Simplex failed to'pay. amounts owed for each project, despite amicable demand. Achary contended that its work involved the installation of fire alarms and/or security systems. Achary further contended that Simplex was indebted to Achary for $166,943.18, together with legal interest from the date due until paid, attorney’s fees and costs.
The petition was served on Simplex through its registered agent for service of process, CT Corporation System, on July 23, 2014, but Simplex failed to file responsive pleadings within legal delays.
On October 16, 2014, the trial court entered a preliminary default against Simplex. On May 27, 2015, Achary filed an affidavit of indebtedness and non-military status reflecting a balance due to Achary in the amount of- $107,796.80, an affidavit by an Aehary’s project manager, an itemized statement showing a balance due in the amount of $107,795.80, proposals and invoices for each project, a certification from Achary’s counsel, and a proposed judgment. On May 29, 2014, the trial court rendered a default judgment against Simplex in the amount of $107,795.80. *890 Simplex was served with a copy -of- the default judgment on June 2, 2015. This appeal followed. -
Law and Discussion
In its first assignment of error, Simplex contends the evidence introduced in support of the default judgment was incompetent, contradictory, and' legally, insufficient.
In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the, evidence offered in support of the judgment. Arias v. Stolthaven New Orleans, 08-1111 (La.05/05/09), 9 So.3d 815, 818. This determination is a factual one governed by the manifest error standard of review. Id.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702 A; N & F Logistic, Inc. v. Cathay Inn Int’l, Inc., 14-835 (La.App. 5 Cir. 04/15/15), 170 So.3d 275, 277. The elements of a prima fade case" are established with competent evidence, as fully as though each of the allegations of the petition were denied by the defendant. Sessions & Fishman v. Liquid Air Corp., 92-2773 (La.04/12/93), 616 So.2d 1254, 1258. Therefore, the plaintiff must offer competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. Id. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. Id. A default judgment is presumed to be supported by sufficient evidence, but this presumption may be rebutted when the record upon which the judgment is rendered indicates otherwise. Id.
The rules of evidence apply to a default confirmation. La. C.E. art. 1101 A. Even though there is no opponent, a plaintiff is required to follow the rules of evidence. Arias, 9 So.3d at 820. Inadmissible evidence, except as specifically provided by law, may not be used to support a default judgment even though it was not objected to. because the defendant was not present. Id.
La. C.E. art. 803(6) provides that business records are an exception to the hearsay rule if the proponent can establish that the records sought to be admitted were (1) made at or near the time by, or from information transmitted by, (2) a person with knowledge, (3) made and kept in the course of a regularly conducted business activity, and (4) that it was the regular practice of that business activity to make and to keep the information. See also, Finch v. ATC/Vancom Mgmt. Servs. L.P., 09-483 (La.App. 5 Cir. 01/26/10), 33 So.3d 215, 220.
A party who seeks-to submit written hearsay evidence pursuant to La. C.E. art. 803(6) must authenticate it by a qualified witness. Id. The .witness, laying the foundation for admissibility of the business records does not have to be the preparer of the records. Id. La. C.E. art. 803(6) allows the custodian of .the record “or other qualified witness” to establish the essential foundational predicate. Id. A qualified witness only needs to be familiar with the record-keeping system of the entity whose business records are sought to be introduced. Id. The custodian of |fithe record or other qualified witness must testify as to the record-keeping procedures of the business and thus, lay the foundation for the admissibility of the records. State v. Juniors, 03-2425 (La.06/29/05), 915 So.2d 291, 327. If the foundation witness cannot vouch that the Code of Evidence -requirements have been met, the evidence must be excluded. Id.
In this case, a review of the evidence in support of the default judgment establishes that Achary failed to provide *891 sufficient evidence to make a pnma facie showing that it was entitled to judgment for the amount sought and awarded. The documents submitted in support of the default judgment were not properly introduced. The affidavit of indebtedness by Achary did not establish that the affiant, Bryan Achary, was the custodian of the records or other qualified witness, nor .did it establish that the documents were (1) made at or near the time- by, or from information transmitted by, (2) a person with knowledge, (3) made and kept in the course of a regularly conducted business activity, and (4) that it was the regular practice of that business activity to make and to keep the information. La. C.E. art. 803(6). Therefore, Achary did not establish that the documents submitted in support of the default judgment wei-e admissible business records which were excepted from the hearsay exclusion. In addition, the documents did not contain a certification that they were a true and original copy as required by La. R.S. 13:3733. Therefore, Achary failed to lay a proper foundation for the documents to be admitted as an exception to the hearsay rule, and the documents should have been excluded.
In the absence of other evidence, Achary failed to present sufficient, competent evidence to support a finding of a prima facie case. We find merit to Simplex’s first assignment of error and vacate the default judgment rendered against it.
In its second assignment of error, Simplex contends the trial court erred in entering the default judgment where Achary failed to satisfy á contractual condition precedent to being entitled to relief. Based on the reasoning above to vacate the default judgment, we pretermit review of this issue.
Conclusion
For the reasons stated above,■‘we vacate the default judgment and remand this matter to the trial court for' further proceedings. All costs are 'assessed against Achary Electrical Contractors; L.L.C.
VACATED AND REMANDED