# STATE OF LOUISIANA

## COURT OF APPEAL

### FIRST CIRCUIT

### 2022 CE 0830

## PETER PANEPINTO

### VERSUS

## DARRYL DAVID SMITH AND GARY STANGA, IN HIS OFFICIAL CAPACITY AS CLERK OF COURT FOR THE PARISH OF TANGIPAHOA

Judgment Rendered: **AUG 0 9 2022**

\*\*\*\*\*\*\*\*

Appealed from the
Twenty-First Judicial District Court
Parish of Tangipahoa
State of Louisiana

Case No. 2022-0002222

The Honorable Charlotte Hughes Foster, Judge Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| Frank J. DiVittorio<br>Hammond, LA | Counsel for Defendant/Appellant<br>Darryl David Smith |
| James M. Garner<br>Stuart D. Kottle<br>New Orleans, LA | |
| Stephen M. Petit, Jr.<br>Brittany D. Rogers<br>Harahan, LA | Counsel for Plaintiff/Appellee<br>Peter Panepinto |

\*\*\*\*\*\*\*\*

BEFORE: WHIPPLE, C.J., GUIDRY, McDONALD,
PENZATO AND WOLFE, JJ.

Guidry, J. Dissents and assigns reasons.

**WHIPPLE, C.J.**

In this suit challenging the candidacy of Darryl David Smith for the office of Mayor of the City of Hammond, the trial court rendered judgment granting the objection and disqualifying Mr. Smith as a candidate. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On July 22, 2022, Mr. Smith filed a sworn notice of candidacy with the Tangipahoa Parish Clerk of Court, declaring his intent to run for the office of Mayor of the City of Hammond in the election scheduled for November 8, 2022. In the notice of candidacy, Mr. Smith certified that his domicile address was 1312 N. Oak, Apt. B, Hammond, Louisiana, 70401, which is located in Precinct 40. He also attested that he was a duly qualified elector in Precinct 40.

In the notice of candidacy form, Mr. Smith attested, in pertinent part, as follows:

> 8) If I am a candidate for any office other than United States senator or representative in congress, that if I claim a homestead exemption on a residence pursuant to Article VII, Section 20 of the Constitution of Louisiana, I am registered and vote in the precinct in which that residence is located, unless I reside in a nursing home as defined in La. R.S. 40:2009.2 or in a veterans' home operated by the state or federal government.

Subsequently, on July 29, 2022, Peter Panepinto, Mayor of and a qualified elector in the City of Hammond, filed an objection to Mr. Smith's candidacy. Mr. Panepinto alleged that Mr. Smith resides and claims a homestead exemption at 19477 Par Lane, Hammond, Louisiana, 70401, which is located in Precinct 44. Mr. Panepinto contended that Mr. Smith should be disqualified from the mayoral election "for violation [of] Louisiana law by claiming a homestead exemption in a precinct different from the precinct in which he is registered to and votes."

Trial was held on August 2, 2022. At trial, Kevin Raiford, the Chief Deputy/Chief Financial Officer of the Assessor's Office for Tangipahoa Parish,

2

testified that Mr. Smith has a homestead exemption on the Par Lane property. Mr. Raiford testified that the homestead exemption has been in effect since 2008, and there have been no changes to the exemption since that time. He indicated that the homestead exemption was still in effect on July 22, 2022, the date Mr. Smith filed his notice of candidacy. Mr. Raiford testified that had an act translative of ownership been filed into the public records, it would have triggered a change in the assessor's records and the right to the exemption. Mr. Raiford indicated that a person has to be the owner of the property in order to claim the homestead exemption.

Mr. Smith testified that his ex-wife is the owner of the property located at 19477 Par Lane. Mr. Smith stated that he has lived separate and apart from his ex-wife since October 7, 2014, and has not lived at the Par Lane address since that time. Further, Mr. Smith introduced an October 7, 2015 consent judgment signed by the trial court in his divorce proceedings, which he contends recognizes his ex-wife as the sole owner of the Par Lane property. Mr. Smith testified that he lives at 1312 North Oak in Hammond. Mr. Smith also introduced two driver's licenses— one issued on October 30, 2015, and a second issued on July 29, 2021—both of which reflect that his address is 1312 North Oak in Hammond.

Following the trial, the trial court found "that Mr. Smith claimed the homestead exemption or had the right to claim the homestead exemption on the Par Lane property." As such, the trial court found that Mr. Smith was required to register and vote in Precinct 44, or where the Par Lane property was located. On August 4, 2022, the trial court signed a judgment granting Mr. Panepinto's objection and ordering that "Darryl David Smith's name be struck from the ballot in the Election for Mayor of City of Hammond, which is to take place on the 8th day of November, 2022." Mr. Smith has appealed.

On appeal, Mr. Smith has raised the following as error:

3

1. The trial court legally erred in finding that Mr. Smith was registered to vote in a precinct other than the one he claims as a homestead exemption because Mr. Smith does not claim a homestead exemption.

2. The trial court legally erred in finding that Mr. Smith's Notice of Candidacy contained an error as to Certification #8 because he does not own the house located on, have any ownership interest in, and does not claim a homestead exemption on property on Par Lane, Hammond, Louisiana in Precinct 44.

## DISCUSSION

Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified. **Landiak v. Richmond**, 2005-0758 (La. 3/24/05), 899 So.2d 535, 541. Once the party bearing the burden of proof has established a *prima facie* case that the candidate is disqualified, the burden shifts to the party opposing the disqualification to rebut the showing. **Landiak**, 899 So.2d at 542.

A court determining whether the plaintiff objecting to candidacy has carried his burden of proof must liberally construe the laws governing the conduct of elections "so as to promote rather than defeat candidacy." **Landiak**, 899 So.2d at 541 (quoting **Becker v. Dean**, 2003-2493 (La. 9/18/03), 854 So.2d 864, 869 (per curiam)). Any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. **Landiak**, 899 So.2d at 541.

A challenge to the candidacy of a person may be based on the ground that the candidate "failed to qualify for the primary election in the manner prescribed by law." La. R.S. 18:492(A)(1). The "manner prescribed by law" for qualification is the notice of candidacy. La. R.S. 18:461(A)(1). Louisiana Revised Statutes 18:463(A)(2)(a)(viii), which was added by 2019 La. Acts, No. 374, § 2 and effective January 1, 2020, requires a candidate to certify in his notice of candidacy

4

that if the candidate "claims a homestead exemption on a residence pursuant to Article VII, Section 20 of the Louisiana Constitution," except in limited circumstances that do not apply herein, he is registered and votes "in the precinct in which that residence is located." Moreover, as noted above, the foregoing provision was included on the notice of candidacy form executed by Mr. Smith.

Here, the parties do not dispute that Mr. Smith is registered to vote in Precinct 40, the precinct where the North Oak property is located. Moreover, the parties do not dispute that the Par Lane address is located in Precinct 44.[1] Our sole focus on appeal is whether Mr. Smith improperly certified that he does not reside or vote where he claims his homestead exemption.

On appeal, Mr. Smith contends that based on the undisputed evidence at trial, he did not falsely or even erroneously make a certification on his notice of candidacy, specifically Certification #8, maintaining that he has not claimed a homestead anywhere since at least 2015, long before he executed his notice of candidacy. Mr. Smith avers that since 2015, he has not owned the Par Lane property and has no interest in the Par Lane property, and argues that, as such, the trial court erred in disqualifying him as he could have no tax liability to which he had to claim a homestead exemption. Mr. Smith further avers that he has not resided on the Par Lane property since at least October of 2014; therefore, his Certification #8 of the notice of candidacy "could not have been false or inaccurate."

Mr. Smith contends that the evidence presented at trial showed that he transferred the property to his ex-wife in 2015, and that in the divorce proceedings, the parties and the trial court recognized his ex-wife as the sole owner of the Par Lane property. Specifically, Mr. Smith points to the following provision in the

---

[1] At trial, Andi Lambert Mathieu, the Tangipahoa Parish Registrar of Voters, testified that Mr. Smith is registered to vote in Precinct 40. She testified that 19477 Par Lane is in Precinct 44.

Smiths' agreement: "[T]he Parties stipulate and agree that [Ms. Smith] is the sole owner of the immovable property at 19477 Par Lane ... and she shall pay the existing mortgage and any future mortgage on the Par Lane Property and, except as provided in paragraph 1(b)(3), if she sells it, she shall receive 100% of the net profits."[2] Mr. Smith alleges that the foregoing declaratory judgment was filed into the divorce court proceeding on October 7, 2015, and the inventory was executed in authentic form by Mr. Smith and Ms. Smith. Considering the foregoing, Mr. Smith maintains that based on the judgment in the divorce proceeding, after 2015, he had no tax obligation on the Par Lane property. As such, he insists that he had nothing to lose at a tax sale and nothing to protect via a homestead exemption.

Mr. Smith notes that under the election code, a candidate must certify, among other things, "that *if he claims a homestead exemption* on a residence pursuant to Article VII, Section 20 of the Constitution of Louisiana, he is registered and votes in the precinct in which that residence is located." La. R.S. 18:463(A)(2)(a)(viii)(emphasis added). Mr. Smith avers that Ms. Smith continued to reside at the Par Lane property and continues to legally claim the homestead exemption. With regard to Mr. Raiford's testimony, Mr. Smith argues that one has to actually own the property to claim the homestead exemption. See also La. Const. art. 7, § 20.[3]

In opposition, Mr. Panepinto notes that although there may be a consent judgment between the parties, there is no evidence that an act translative of ownership was ever filed into the mortgage/conveyance records in Tangipahoa

---

[2] However, paragraph 1(b)(3) of the Smiths' agreement provides that if Ms. Smith, when she reaches the age of 60, "chooses to downsize to an apartment, 19477 Par Lane shall be sold at Fair Market Value and the net proceeds shall be paid 50% to [Ms. Smith] and 50% to [Mr. Smith]."

[3] Mr. Smith cites **Walsh v. Rogillio**, 2000-1995 (La. App. 1st Cir. 9/7/00), 768 So.2d 653, writ denied, 2000-2610 (La. 9/12/00), 766 So.2d 1288, to support his position. However, we note that **Walsh** involved application of La. R.S. 18:101(B) and the residency requirement as opposed to the propriety of certification on the notice of candidacy. The relevant statute, La. R.S. 18:463(A)(2)(a)(viii), did not take effect until January 1, 2020.

6

Parish. Mr. Panepinto also points out that the Smiths' agreement recognizes that the parties can modify or amend the terms of the agreement in a writing signed by both parties. Further, the agreement gives Ms. Smith the option to sell the Par Lane property and live in an apartment complex at Mr. Smith's expense with the net proceeds of the sale of the Par Lane property to be split equally between Mr. Smith and his ex-wife. Mr. Panepinto contends that despite Mr. Smith's position that he has nothing to lose at a tax sale and nothing to protect via a homestead exemption, the contingency provisions in the Smiths' agreement indicate that circumstances do exist whereby Mr. Smith maintains some interest in that he would receive 50% of the profits of the sale of the Par Lane property.

By contrast, Mr. Panepinto notes that subsection (D)(1)(a) of the same agreement with regard to the Smiths' interest in "Oak Alley, I, LLC" provides that the interest therein "shall be transferred and donated by Sharon back to Darryl. **Sharon agrees to execute the Act of Donation by Sharon Lynn Bourgoyne Smith to Darryl David Smith attached as Exhibit A and simultaneously with the execution of the Agreement**." (Emphasis added.) Mr. Panepinto avers that similar language does not appear anywhere in the agreement with regard to the Par Lane property, apparently because of the contingencies noted above and because there was never a complete transfer of ownership. Accordingly, Mr. Panepinto contends that because the Par Lane property remains subject to the homestead exemption appearing of record in favor of Mr. Smith (and Ms. Smith as well), Mr. Smith was required to register and vote at the precinct in which the Par Lane property is located. Mr. Panepinto concludes that Mr. Smith's false certification on his notice of candidacy should disqualify him from the mayoral race.

We find that Mr. Panepinto met his initial burden of establishing a *prima facie* case that Mr. Smith should be disqualified based on his false or inaccurate certification on his notice of candidacy. Specifically, the evidence adduced at trial

7

indicates that the homestead exemption was placed on the Par Lane property at issue in the names of Mr. Smith and his ex-wife in 2008. Mr. Raiford testified that there have been no changes to the homestead exemption since 2008 and that the homestead exemption in favor of Mr. Smith at the Par Lane property remains in effect. In connection with Mr. Raiford's testimony, "Assessment No. 6148816" was introduced, which reflects that a homestead exemption in favor of Mr. Smith and Ms. Smith was entered on the Par Lane property. While Mr. Smith contends that it was not shown who placed the exemption on the property, Mr. Smith does not allege (nor does the record show) that the homestead exemption had been placed on the Par Lane property by the assessor's office in error. Cf. **Martin v. Robinson**, 2020-0687 (La. App. 1st Cir. 8/6/20), 311 So.3d 378.[4] Because Mr. Panepinto met his initial burden of proof to show that Mr. Smith had a homestead exemption in effect at the Par Lane residence at the time he filed his notice of candidacy and was thus required to register and vote in Precinct 44, the burden then shifted to Mr. Smith to rebut Mr. Panepinto's *prima facie* case, which the trial court concluded he failed to do. See **Landiak**, 899 So.2d at 542.

On appeal, in attempting to rebut the *prima facie* case, Mr. Smith essentially frames the issue as whether he was actually or legally entitled to the homestead exemption and whether he benefitted from the exemption as the determinative factors. Thus, he asserts that he should not have been disqualified as he has not owned and/or occupied the property at Par Lane since 2015.

---

[4] In **Martin**, an objection was made to a candidate's qualifications alleging that the candidate claimed a homestead exemption on a property different than the one where he was registered to vote. The assessor's office at issue therein listed the candidate's home in Kentwood, Louisiana, as subject to a homestead exemption, but the candidate testified that he had never requested such an exemption on the property and the error of the assessor's office in listing the property as homestead exempt had been corrected. **Martin**, 311 So.3d at 383. In **Martin**, an assessor "surmised that the fact that the Kentwood home was listed as homestead exempt was an oversight where the designation from the prior owner was not removed when the property was transferred to [the candidate]." **Id.** Accordingly, this court concluded that because the candidate did not claim the homestead exemption on the Kentwood home, and the error was made on the part of the assessor's office, he was not required to register to vote in Kentwood. **Id.**

Louisiana Revised Statutes 47:1703.1 provides that numerous parishes, including Tangipahoa, are required to provide a form to property owners within the parish for permanent registration of homestead exemption benefits. As such, once the property is registered as homestead exempt in Tangipahoa Parish, the exemption remains on the property. See La. R.S. 47:1703.1(B). The statute specifically provides that the "homestead exemption so claimed shall remain valid without necessity of renewal of the **claim** as long as the claimant and property qualify for the exemption." See La. R.S. 47:1703.1(B) (emphasis added). Moreover, the referenced statute places the burden on the exemption holder to notify the assessor that the homestead exemption should be removed in whole or in part. See La. R.S. 47:1703.1(B).[5] Despite these legal requirements, Mr. Smith made no showing nor does he allege that he requested that the assessor remove the homestead exemption appearing in his name or that he notified the assessor in writing that he no longer qualified for the exemption.

In addition, Mr. Smith does not assert nor does the record show that he filed anything into the mortgage or conveyance records that would have alerted the assessor that the homestead exemption should have been removed as to him. As verified by Mr. Raiford, had such an act been entered between the parties and filed into the public record, the homestead exemption in Mr. Smith's favor would have been removed by the assessor's office. Mr. Smith simply did nothing to alert the

---

[5] Louisiana Revised Statutes 14:1703.1(B) provides a criminal penalty if the property owner does not notify the assessor of the change as follows:

> Any person who fails to notify the assessor in writing that the property upon which he has claimed a homestead exemption under this Section no longer qualifies for that exemption, within sixty days after the disqualification occurs, shall be guilty of a misdemeanor and upon conviction the offender shall be punishable by a fine of not less than one hundred dollars, nor more than five hundred dollars, or by imprisonment for not less than one month nor more than six months, or both.

9

assessor that the homestead exemption in his name was incorrect. As such, the exemption first claimed in 2008 remains in effect.

As recognized in **Percle v. Taylor**, 2020-244 (La. App. 5th Cir. 8/5/20), 301 So.3d 1219, 1226, writ denied, 2020-00983 (La. 8/10/20), 300 So.3d 878, the filing of a false or erroneous certification in a notice of candidacy with respect to the homestead exemption relates to the failure to qualify in the manner prescribed by law in La. R.S. 18:492(A)(1), because the "manner for qualifying" in La. R.S. 18:461 is the filing of an **accurate** notice of candidacy, under oath, accompanied by the qualifying fee. In **Percle**, the Fifth Circuit found that because the candidate's certification by affidavit constitutes substantive and/or material information, any inaccuracies, mistakes, or false statements made in the notice of candidacy concerning or regarding this substantive or material information are grounds for disqualification under La. R.S. 18:492(A)(1). **Percle**, 301 So.3d at 1227. In so holding, the **Percle** court noted that "the integrity of the process of qualifying for public office" was at stake, and "[t]o allow a candidate to include false or inaccurate information under oath, without allowing the corresponding remedy of disqualification for making false statements will render the affidavit meaningless." **Id.** Thus, the **Percle** court concluded that the candidate should be disqualified even though she was purportedly "unaware of the homestead exemption at the time she filed her notice of candidacy and did not personally claim the homestead exemption on the property she and her husband jointly own." **Id.** at 1223.

In **Sellar v. Nance**, 54,617 (La. App. 2nd Cir. 3/1/22), 336 So.3d 103, 112, the Second Circuit likewise considered "the integrity necessary to the process of qualifying for public office," and agreed with the analysis of the Fifth Circuit. The **Sellar** court concluded that "any information on the notice of candidacy required to be given by oath is substantive and/or material and that 'any inaccuracies,

10

mistakes, or false statements' made under oath regarding this information are grounds for disqualification under La. R.S. 18:492(A), as a failure to qualify in the manner prescribed by law." **Sellar**, 336 So.3d at 112-13. As such, the court affirmed the trial court's decision disqualifying a candidate who listed one address on his notice of candidacy and voted at that address, but maintained a homestead exemption at a different address. Accord **Deal v. Perkins**, 54,892 (La. App. 2nd Cir. 8/8/22) --- So.3d ---, 2022 WL 3147787, wherein the Second Circuit re-affirmed its holding in **Sellar**, disqualifying a candidate who maintained a homestead exemption at a different address than the address on the notice of candidacy, even though both residences were within the same city within which the candidate sought to run for mayor.

We agree with our colleagues in the Second and Fifth Circuits that the information on the notice of candidacy, which is required by law and is given under oath, is substantive and/or material, and that any inaccuracies, mistakes, or false statements therein, including those with respect to the homestead exemption, are grounds for disqualification under La. R.S. 18:492(A), as a failure to qualify in the manner prescribed by law.

As noted above, the homestead exemption as initially claimed and registered in the names of both Mr. and Ms. Smith remains in full effect on the Par Lane property until such time as it is revoked, in whole or in part. Mr. Smith has presented no evidence that he has taken affirmative action to revoke the exemption granted to him, which remained in place at the time of his qualifying. The mere fact that Mr. Smith may have been unaware of the existing exemption at the time he filed his notice is immaterial. See **Percle**, 301 So.3d at 1223, 1227-28.

Accordingly, in light of the legislature's express provision requiring that a candidate qualifying for elective office must certify that he is registered and votes in the precinct where he claims a homestead exemption in his notice of candidacy

11

and given Mr. Smith's erroneous attestation, we find no error in the trial court's decision disqualifying him from the mayoral race.

## CONCLUSION

For the above reasons, we affirm the trial court's August 4, 2022 judgment. Costs of this appeal are assessed to the appellant, Darryl David Smith.

**AFFIRMED.**

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2022 CE 0830

## PETER PANEPINTO

## VERSUS

## DARRYL DAVID SMITH AND GARY STANGA, IN HIS OFFICIAL CAPACITY AS CLERK OF COURT FOR THE PARISH OF TANGIPAHOA

**Guidry, J., dissenting.**

The issue in this election case is whether Mr. Smith was false or inaccurate when he certified that he does not claim a homestead exemption in a precinct other than where he is registered and votes. In particular, this case turns on how the word "claim" is interpreted. Mr. Smith through his testimony and the documentary evidence regarding his divorce proceedings has shown that he did not meet the legal requirements to claim the homestead exemption on the Par Lane property.

A valid interpretation of the word "claim" is to actively use or benefit from the exemption. As the evidence presented in the record shows that Mr. Smith transferred his ownership interest in the Par Lane property to his ex-wife, then it is she, not he, who is using and benefiting from the exemption, since as the sole owner of the property, she is responsible for any tax liability associated with the property.

Accordingly, there exists a reasonable basis in the record that Mr. Smith was truthful and accurate in his certification that he did not claim a homestead exemption on a residence pursuant to Article VII, Section 20 of the Constitution of Louisiana in a precinct other than where he is registered. And keeping in mind the principle that any doubt concerning the qualifications of a candidate should be

resolved in favor of allowing the candidate to run for public office, **Landiak v. Richmond**, 2005-0758 (La. 3/24/05), 899 So.2d 535, 541, I would reverse the judgment of the trial court disqualifying Mr. Smith as a mayoral candidate. For these reasons, I respectfully dissent.